UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00099-FDW-DCK

| | |
|---|---|
| B-21 WINES, INC., JUSTIN HAMMER, BOB KUNKLE, MIKE RASH, & LILA RASH, <br><br> Plaintiffs, <br><br> vs. <br><br> A.D. GUY JR., & JOSHUA STEIN, <br><br> Defendants. | ORDER |

THIS MATTER is before the Court on Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 17). Plaintiffs timely responded to Defendants' Motion to Dismiss. (Doc. No. 19). Defendants filed a response to Plaintiff's sur-reply. (Doc. No. 20). Upon review by the court, Defendants' motions are DENIED IN PART and GRANTED IN PART.

## I. BACKGROUND

Plaintiffs filed their complaint with this Court on February 18, 2020. (Doc. No. 1). Plaintiffs allege that N.C. Gen. Stat. §§ 18B-900(a)(2), 18B-102, 18B-102.1(a), and "North Carolina's related laws, practices, and regulations that individually and collectively prohibit wine retailers located outside the state from selling, delivering, or shipping wine directly to North Carolina residents, but allow in-state retailers to do so" violates the Commerce Clause of the United States Constitution. Id. at 1, 4-5.

Plaintiffs Bob Kunkle, Mike Rash, and Lila Rash are all citizens of non-dry North Carolina

1

counties, who would like to purchase and have attempted to purchase wine from out-of-state retailers and have it shipped directly to their homes, and they contend they are prevented from doing so by North Carolina law. Id. at 1-2, 5. Plaintiff Justin Hammer is a citizen of Florida who owns and operates B-21 Wines, Inc. Id. at 3. B-21 Wines, Inc. is a wine retailer located and licensed in Florida who accepts internet, phone, and other remote forms of ordering. Id. Defendant A.D. Guy, Jr., is Chair of the North Carolina Alcoholic Beverage Control Commission. Id. at 4. Defendant Joshua Stein is Attorney General of North Carolina. Id. Plaintiffs are suing Defendants in their official capacities. Id. at 3.

Plaintiffs contend Hammer is unable to obtain an off-premises permit to ship wine from B-21 Wines, Inc., directly to North Carolina residents under N.C. Gen. Stat § 18B-900(a)(2) because he is not a North Carolina resident, as the statute requires. Id. at 4. B-21 Wines is unable to ship wine directly to North Carolina residents because N.C. Gen. Stat. § 18B-102.1 prohibits out-of-state retailers from doing so, even though it has received many website requests from North Carolina residents to ship them wine. Id. Additionally, Plaintiffs argue B-21 Wines and Hammer cannot ship wines to North Carolina residents because, pursuant to N.C. Gen. Stat.§ 18B-102, retailers must have an ABC Permit to ship wine in North Carolina. Id. at 5. However, Plaintiffs suggest there is no such permit available for out-of-state retailers. Id.

Plaintiffs also assert that Kunkle, Mike Rash, and Lila Rash would like to order wine from out-of-state retailers and have these wines shipped directly to them in North Carolina. Id. However, Plaintiffs state that they have contacted several out-of-state wile retailers via internet and telephone, and none are able to complete purchases due to North Carolina's laws prohibiting out-of-state shipping directly to residents. Id. Plaintiffs desire wine from out-of-state retailers to

2

purchase "rare, unusual, older vintage, and limited supply wines" not available in North Carolina. Id. at 6. Lastly, Plaintiffs state that some wines they seek to purchase are not available in North Carolina because N.C. Gen. Stat. § 18B-1006(h) "limits in-state retailers to only selling wines they can get from North Carolina wholesalers, and the wholesalers do not stock it, have no business relationship with the winery or importer, or have depleted their supply." Id.

Therefore, Plaintiffs contend the aforementioned North Carolina statutes violate the Commerce Clause because they discriminate against out-of-state retailers by imposing a residency requirement to ship wine directly to North Carolina residents, while in-state retailers can directly ship, which effectively excludes interstate commerce and deprives Plaintiffs of access to markets out of the state. Id. at 7.

## II. STANDARD OF REVIEW

Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

When a court considers its subject matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredericksburg & Potomac

3

R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to *de novo* appellate review.

Id., at 768-69 (citations omitted).

"'No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) (quoting Raines v. Byrd, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)). Moreover, "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. . . . The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Spokeo, Inc., 136 S. Ct. at 1547 (citations omitted). To invoke federal jurisdiction, a plaintiff bears the burden of establishing the Article III standing. Beck v. McDonald, 848 F.3d 262, 269 (4th Cir. 2017)

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial

4

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (citations and quotations omitted).

### III. ANALYSIS

**A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

Defendants first argue Plaintiffs lack standing to sue. When standing is challenged, the court must "accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party." Deal v. Mercer Cty. Bd. of Educ., 911 F.3d 183, 187 (4th Cir. 2018) (citing S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 181-82 (4th Cir. 2013)). To establish standing under Article III, "a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." Thole v. U.S. Bank N.A., No. 17-1712, 2020 WL 2814294, at *2 (U.S. June 1, 2020); see also Beck v. McDonald, 848 F.3d 262, 269 (4th Cir. 2017); David v. Alphin, 704 F.3d 327, 333 (4th Cir. 2013).

While Plaintiffs must demonstrate standing for each of the claims they assert, "the Supreme Court has made it clear that 'the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement.'" Bostic v. Schaefer, 760 F.3d 352, 370 (4th Cir. 2014) (quoting Rumsfeld v. Forum for Academic & Institutional Rights, Inc., 547 U.S. 47, 52 n. 2, 126 S.Ct. 1297, 164 L.Ed.2d 156 (2006); citing Dep't of Commerce v. U.S. House of Representatives, 525 U.S. 316, 330, 119 S.Ct. 765, 142 L.Ed.2d 797 (1999) (holding that a case is justiciable if some, but not necessarily all, of the plaintiffs have standing as to a particular defendant); Vill. of Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252, 263–64, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) (same)). Additionally, the Supreme Court has found an implied individual right to interstate commerce as early as 1891. See Crutcher v. Commonwealth, 141 U.S. 47, 57 (1891) ("To carry on interstate commerce is not a franchise or a privilege granted by the state; it is a right which every citizen of the United States is entitled to exercise under the constitution and laws of the United States . . . .").

Here, Defendants contend the presence of an injury is "speculative" because neither B-21 Wines or Mr. Hammer have applied for the ABC permit. (Doc. No. 18, p. 5). Plaintiffs respond that not applying for a permit is irrelevant to standing because Plaintiffs Kunkle and Rash allege a concrete injury arising from their attempt to order wine over the internet from out-of-state retailers, but inability to do so because North Carolina law does not allow for the out-of-state retailer to ship wine directly to them. (Doc. No. 19, p. 3). Since individuals have an implied right to interstate commerce, the Court finds Plaintiffs Kunkle and Rash have standing. Since only one plaintiff with standing is required, all Plaintiffs have standing to sue.

6

Defendants also argue Plaintiffs' injuries are not redressable because North Carolina's alcoholic beverage statute only allows for "leveling down" and not "leveling up." (Doc. No. 18, pp. 8-9).  In other words, Defendants contend, in order to keep consistent with legislative intent, the only remedy for Plaintiffs would be to "further limit rather than expand commerce in alcoholic beverages," which raises a redressability issue in light of the injuries alleged.  Id.  However, to prove redressability, Plaintiffs must only show they would personally benefit "in a tangible way" from the court's intervention, and this does not mean Plaintiffs have to prove that a favorable decision will cure all their injuries.  See Deal, 911 F.3d at 189 (stating plaintiff's burden to prove redressability is not onerous and does not require showing a favorable decision will relieve all their injuries).  Even if the Court would decide the appropriate remedy is to "level down," as Defendants suggest, Plaintiffs' injuries would be redressed by eliminating direct shipping to in-state consumers entirely by both in-state and out-of-state wine retailers. Thus, Plaintiff's injuries are redressable.

To conclude, Defendants' 12(b)(1) motion is DENIED because Plaintiffs have standing to sue, and their alleged injuries are redressable.

**B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

Defendants assert Plaintiffs have not stated a claim for relief because under the 21st Amendment, states can adopt different approaches to regulating alcohol and allowing out-of-state retailers to ship to North Carolina citizens would undermine its three-tier system. (Doc. No. 18, pp. 12-14).  To begin, state laws that discriminate against interstate commerce violate the Commerce Clause and are not permissible under the 21st Amendment.  See Granholm v. Heald, 544 U.S. 460, 466 (2005) ("We hold that the laws in both States discriminate against interstate

7

commerce in violation of the Commerce Clause, Art. 1, § 8, cl. 3, and that the discrimination is neither authorized nor permitted by the Twenty-first Amendment.").

Further, in Beskind v. Easley, Plaintiffs, a California winery and "individual oenophiles," challenged the North Carolina ABC statutes that prohibit out-of-state wine retailers from shipping directly to North Carolina residents, but allow in-state wine retailers to do so. 325 F.3d 506, 509 (4th Cir. 2003). Ultimately, the 4th Circuit "conclude[d] that North Carolina's regulatory preference of in-state wine manufacturers discriminates against out-of-state wine manufacturers and sellers, in violation of the dormant Commerce Clause, and that the preference is 'not supported by any clear concern of the Twenty-first Amendment,' and therefore is not saved by the Twenty-first Amendment." Id. at 517 (citing Bacchus Imports, Ltd. v.. Dias, 468 U.S. 263, 276, (1984)) (internal citation omitted). The court recommended that in order to preserve North Carolina's 21st Amendment ability to regulate alcohol sales and to preserve its statutory scheme, the best remedy would be to strike the statutory provision in N.C. Gen. Stat. § 18B-1101(3) that allows in-state wineries to ship directly to in-state consumers. Beskind, 325 F.3d at 520.

Here, Plaintiffs challenge the exact laws challenged by the plaintiffs in Beskind. The 4th Circuit already deemed these laws unconstitutional and suggested striking the in-state retailer preference. Thus, Plaintiffs have stated a valid claim for relief since these laws are seemingly being enforced by the state of North Carolina. Accordingly, Defendants' 12(b)(6) motion is DENIED.

**C. Dismissal of Defendant Stein**

Defendants argue Defendant Attorney General Stein should be dropped from the case because he lacks any substantial connection to North Carolina's ABC laws and is protected by

8

11th Amendment immunity.  (Doc. No. 18, pp. 16-17).  "In general, official-capacity lawsuits constitute actions against the state and are barred by principles of sovereign immunity, but Ex parte Young carves out an exception in order to safeguard the supremacy of federal law."  Carefirst Inc. v. Taylor, 235 F. Supp. 3d 724, 739 (D. Md. 2017) (citing Ex parte Young, 209 U.S. 123 (1908)). "The Ex parte Young exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings . . .  to enforce against parties affected [by] an unconstitutional act.'" McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010) (quoting Ex parte Young, 209 U.S. 123, 155-56 (1908)).  In order to determine if a government official has "sufficient enforcement powers" to qualify for the exception, the 4th Circuit has instructed courts to "look at the duties enumerated by statute." Ansley v. Warren, No. 1:16-CV-00054-MOC-DLH, 2016 WL 5213937, at *5 (W.D.N.C. Sept. 20, 2016).  The ABC Commission, in conjunction with the Alcohol Law Enforcement Division ("ALE"), is responsible for enforcing North Carolina's ABC Laws.  N.C. Gen. Stat. § 18B-203.

Here, the specific statutes cited by Plaintiffs do not demonstrate exactly which official is to enforce the laws.  However, § 18B-203 deems the ABC Commission to be the enforcement mechanism of alcohol-related laws and not the Attorney General.  Furthermore, Plaintiffs do not argue Attorney General Stein has threatened to act or taken action to commence proceedings. Therefore, Attorney General Stein does not fall into the Ex parte Young exception and retains his 11th Amendment immunity.  Accordingly, Defendant's motion to dismiss claims against Attorney General Stein is GRANTED.

9

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 18) is GRANTED IN PART and DENIED IN PART.  Defendant Stein is DISMISSED from the action.

IT IS SO ORDERED.

Signed: August 18, 2020

Frank D. Whitney
United States District Judge